UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-439-06 (JNE/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Marco Jeanpierre,[1] | |
| Defendant. | |

Leshia M. Lee-Dixon and LeeAnn K. Bell, Assistant United States Attorney, for the Government.
John S. Hughes, Esq., for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant Marco Jeanpierre's Motion for Suppression of Evidence Derived from Search Warrants [#508], because the search warrants at issue were issued by the same Magistrate Judge to whom the case is otherwise assigned. Defendant argues that two search warrants were not supported by probable cause. The Court received two exhibits, labeled Government Exhibits 16 and 17,[2] attached to the Government's Response [#510] to Defendant's motion. The two exhibits are the search warrants, search warrant applications, and search warrant returns for the search warrants challenged in this motion. The matter was referred to the undersigned for Report and Recommendation pursuant to

---

[1] Earlier in this case, Defendant was referred to by the name Marco Orlando Tinnin. At Defendant's arraignment on April 11, 2008, the Clerk of Court was directed to change the name to Marco Jeanpierre.

[2] Ex. 16    Application for search warrant with supporting affidavit, search warrant, and search warrant inventory for a residence in Maplewood, Minnesota.
Ex. 17    Application for search warrant with supporting affidavit, search warrant, and search warrant inventory for a residence in Minneapolis, Minnesota.

28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends that Defendant's motion be denied.

## I. FINDINGS OF FACT

On December 3, 2007, Magistrate Judge Nelson signed a search warrant authorizing a search of a residence in Minneapolis, Minnesota ("Minneapolis residence").  On December 5, 2007, Magistrate Judge Nelson signed a search warrant authorizing the search of a residence in Maplewood, Minnesota ("Maplewood residence").  Special Agent ("SA") Calvin A. Meyer of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") signed the affidavits in support of these search warrants.  SA Meyer has been employed in law enforcement for 15 years, the last 7 with the ATF.

These same affidavits were also used to obtain search warrants for numerous other locations.  The affidavits state that, on November 7, 2007, law enforcement obtained a wire tap on Defendant's mobile telephone.  From November 7, 2007, to November 23, 2007, Co-defendant Randle called Defendant and placed 10 orders for crack cocaine.  These orders amounted to 35 grams of crack cocaine.

The December 3, 2007, affidavit contained information specific to the Minneapolis residence.  The affidavit states that Defendant used the named Marco Tinnin or Marco Jeanpierre.  A Department of Motor Vehicle search revealed that a black pick-up truck parked outside the Minneapolis residence was registered to Marco Jeanpierre at the address of the Minneapolis residence.  Law enforcement surveillance observed the Defendant leave the Minneapolis residence and drive away in the black pick-up truck.

On October 28, 2007, through wiretap surveillance of Co-defendant Randle's cell phone, law

enforcement learned of a meeting between the Defendant and Co-defendant Randle for the purpose of a narcotics transaction.  Law enforcement observed the Defendant arrive at the meeting location in the black pick-up that had been previously parked outside his residence.

On November 20, 2007, and November 28, 2007, law enforcement learned, through the wiretap on the Defendant's mobile phone, that the Defendant would be meeting with people to sell crack cocaine.  On both dates, law enforcement observed the Defendant leave his residence and travel to the meeting location.  Law enforcement observed both meetings.  After both meetings, law enforcement stopped the purchaser and recovered a quantity of crack cocaine.  On November 20, 2007, law enforcement recovered seven grams of crack cocaine.  On November 28, 2007,  law enforcement recovered nine grams of crack cocaine and $1,700.00.

The December 5, 2007, affidavit contained all the information in the December 3, 2007, affidavit and additional information specific to the Maplewood residence.  Law enforcement had obtained authorization to place GPS tracking devices on two vehicles known to be used by the Defendant, the black GMC pick-up and a white Chevrolet van.  Through the GPS tracking devices, law enforcement learned that the Defendant's vehicles would be at the Minneapolis and Maplewood residences on a regular basis.  Additionally, law enforcement actually observed the Defendant's presence at the Maplewood location.  Along with the Defendant's vehicles, a red Dodge Charger was  frequently observed  at the Maplewood address. A search of the Department of Motor Vehicle records revealed that the red Dodge Charger was registered to a female at the address of the Maplewood residence.  From October 9, 2007, to December 5, 2007, law enforcement had observed the Defendant drive the red Dodge Charger to seven narcotics transactions.

On November 29, 2007, law enforcement observed the Defendant meet a man in Minneapolis

for a pre-arranged drug transaction. After the transaction, law enforcement observed the Defendant drive directly to the Maplewood residence.

In the evening on December 3, 2007, through wiretap surveillance, law enforcement learned that the Defendant was arranging a crack cocaine transaction. At approximately 1:45 a.m., on December 4, 2007, law enforcement observed the Defendant arrive at the Maplewood residence. Upon his arrival, law enforcement observed the Defendant exit his vehicle, walk over to a different vehicle he had left at the Maplewood residence, and place something in the engine compartment of that vehicle.

During the afternoon on December 4, 2007, law enforcement intercepted phone calls between the Defendant and several crack cocaine customers. Following these phone calls, the GPS tracker indicated that the Defendant traveled from the Maplewood address to the Minneapolis address. Law enforcement located the Defendant and observed him leave the Minneapolis address. At an intersection in South Minneapolis, a man got into the Defendant's vehicle. Earlier that day, in a telephone conversation, the Defendant told a customer seeking crack cocaine to meet him at that same intersection.

Based on the affidavits described above, the Magistrate Judge issued the search warrants on December 3, 2007, and December 5, 2007. Both search warrants were executed on December 6, 2007, and items were seized from both properties.

## II.   CONCLUSIONS OF LAW

### A.   The Affidavits in Support of the Search Warrants Contained Sufficient Probable Cause for the Issuance of the Search Warrants.

Defendant contends that the affidavits in support of the search warrants failed to establish probable cause. Searches conducted pursuant to a warrant are reviewed to determine whether the

information in the warrant application and supporting affidavit provided probable cause for the search. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000) (citing *Gates*, 462 U.S. at 236). When determining whether probable cause exists, a court does not evaluate each piece of information independently, but, rather, considers all of the facts for their cumulative meaning. *United States v. Allen,* 297 F.3d 790, 794 (8th Cir. 2002). The task of a court issuing a search warrant is "simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238; *see also United States v. Salter*, 358 F.3d 1080, 1084 (8th Cir. 2004). When information in the application for the search warrant is provided by a confidential informant, the totality of the circumstances must show that the information is sufficiently reliable. *United State v. Lucca*, 377 F.3d 927, 933 (8th Cir. 2004) (citing *Gates*, 462 U.S. at 233). Sufficient reliability may be shown through "corroborat[ion] by other evidence, or if the informant has a history of providing reliable information." *Lucca*, 377 F.3d at 933 (citing *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993).

In reviewing the decision of the issuing court, this Court must ensure that the issuing court " 'had a substantial basis for . . . conclud[ing] that probable cause existed.' " *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir. 2003) (quoting *Gates*, 462 U.S. at 238-39.) Since reasonable minds may differ on whether a particular search warrant affidavit establishes probable cause, the

issuing court's determination is accorded great deference. *United States v. Wajda*, 810 F.2d 754, 760 (8th Cir. 1987) (citing *United States v. Leon*, 468 U.S. 897, 914 (1984)).

      The Court concludes that, given the totality of the circumstances described in the affidavits in support of the search warrants, the information provided in the applications for the search warrants is sufficient for a reasonable person to believe there was a fair probability that narcotics or evidence of narcotics would be found at the Minneapolis residence and the Maplewood residence. Through a wiretap on the Defendant's mobile telephone and traditional surveillance, law enforcement learned that the Defendant sold crack cocaine on a regular basis. The affidavits describe the Defendant arranging meetings to sell crack cocaine, then traveling to the prearranged meeting location. Furthermore, law enforcement stopped two purchasers to confirm that narcotics were actually transferred during the meeting. Through the traditional surveillance and GPS surveillance, law enforcement learned that the Defendant spent a substantial amount of time at both the Minneapolis and Maplewood residences. The Defendant would travel to narcotics transactions from the residences and/or return to the residences after narcotics transactions. Lastly, the Defendant would leave vehicles used to travel to narcotics transactions at both residences. There is ample information to conclude that the Defendant engaged in the sale of narcotics and used both the Minneapolis and Maplewood residences where he would store either narcotics or evidence of narcotics. Based on the totality of the circumstances, sufficient facts supported Magistrate Judge Nelson's determination of probable cause for issuance of the search warrants.

> **B.     The Good Faith Exception to the Warrant Requirement Applies to the Present Case and All Evidence Seized During the Execution of the Search Warrant is Admissible.**

Even if this Court were to determine that the applications in support of the search warrants did not provide probable cause for the issuance of the search warrants on the residences, law enforcement who executed the search warrants on the residences did so in the good faith belief that the search warrants were supported by probable cause, as they had been issued by a United States Magistrate Judge who determined that probable cause existed.  The good-faith exception to the exclusionary rule provides that evidence will not be excluded where police officers reasonably rely on a search warrant issued by a neutral judicial officer, even if that search warrant is later declared invalid.  *See Leon*, 468 U.S. at 925-26.  The officers in this case reasonably relied on search warrants that were issued by a neutral judicial officer; therefore, even if the search warrants in this case were not supported by probable cause, the evidence seized as a result of the execution of the search warrants is still admissible.

### III.    RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Marco Jeanpierre's Motion for Suppression of Evidence Derived from Search Warrants [#508] be **DENIED**.

DATED: April 23, 2008                            s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 9, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words.

A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 9, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.