# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 07CR439(6) (JNE/SRN) |
| Plaintiff, | |
| v. | **ORDER** |
| MARCO JEANPIERRE, | |
| Defendant. | |

This case is before the Court on defendant Marco Jeanpierre's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2006 & Supp. V 2011). For the reasons set forth below, the Court denies Jeanpierre's motion without an evidentiary hearing because the record conclusively shows that Jeanpierre is not entitled to relief.

## I.   BACKGROUND

On October 15, 2008, the jury found Jeanpierre guilty of one count of conspiracy to distribute and possess with intent to distribute 50 grams of cocaine base ("crack"), nine counts of distribution of crack, and one count of felon in possession of a firearm. (Dkt. 690.) On April 9, 2010, the Court sentenced Jeanpierre to 240 months' imprisonment for the conspiracy-to-distribute conviction and 120 months' imprisonment for the remaining convictions, all to be served concurrently. (Dkt. 986.) Jeanpierre appealed, and the Eighth Circuit affirmed on April 12, 2011. *United States v. Jeanpierre*, 636 F.3d 416, 419, 425 (8th Cir. 2011). Jeanpierre now moves for post-conviction relief under 28 U.S.C. § 2255.

## II.   ANALYSIS

Section 2255 provides that, among other things, a federal prisoner may collaterally attack his sentence on the ground that the sentence was imposed in violation of the Constitution or federal laws or the district court did not have jurisdiction to impose the sentence. 28 U.S.C. §

2255(a). A prisoner is entitled to an evidentiary hearing under § 2255 "unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). In the § 2255 petition, a prisoner may raise a claim for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on such a claim, a petitioner must show deficient performance and prejudice. *Alaniz v. United States*, 351 F.3d 365, 367–68 (8th Cir. 2003). A defendant is not prejudiced by "his attorney's failure to make a meritless argument." *New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011).

Here, Jeanpierre appears to argue that he received ineffective assistance of counsel because his counsel failed to argue that Congress exceeded its power under the Commerce Clause when it enacted 18 U.S.C. § 922(g) and 21 U.S.C. § 841. But the Eighth Circuit has held that Congress validly exercised its power under the Commerce Clause when it enacted both provisions. *See United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011) (upholding 18 U.S.C. § 922(g) under Commerce Clause challenge); *United States v. Davis*, 288 F.3d 359, 362 (8th Cir. 2002) (noting that the Controlled Substances Act of 1970, 21 U.S.C. §§ 801–904, "is a valid exercise of Congressional power under the commerce clause"). Jeanpierre also argues that 18 U.S.C. § 922(g) and 21 U.S.C. § 841 violate the Tenth Amendment. "A Tenth Amendment challenge to a statute necessarily fails if the statute is a valid exercise of a power relegated to Congress." *United States v. Louper-Morris*, 672 F.3d 539, 563 (8th Cir. 2012) (quotation omitted). Jeanpierre's Tenth-Amendment argument fails because, as noted above, the Eighth Circuit has held that Congress validly exercised its power under the Commerce Clause when it enacted the two challenged provisions.

Jeanpierre seems to claim that the federal government does not have jurisdiction to prosecute him because the "State of Minnesota is not a State of the United States as both terms State and United State[s] are meant within the Tenth Amendment" and the Controlled Substances Act. (Dkt. 1057 at 4, 6.) Jeanpierre's argument is without merit. Jeanpierre also argues that his attorney should have argued that Jeanpierre did not know his firearm was procured in interstate commerce. But a defendant's knowledge of the interstate nexus element is not required. *United States v. Thompson*, 365 Fed. App'x 42, 42 (8th Cir. 2010); 8th Cir. Model Crim. Jury Instructions § 6.18.922A (2012).

Jeanpierre also argues that his attorney was ineffective because he failed to move this Court to apply the Fair Sentencing Act of 2010 (FSA), Pub. L. 111-220, 124 Stat. 2372 (2010), retroactively to his case. He argues that the FSA applies to all sentences and should apply to him because his case is still pending. "[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012). The FSA became effective on August 3, 2010. *Id.* at 2326. The Supreme Court held that the FSA's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." *Id.* Here, Jeanpierre was sentenced on April 9, 2010, four months before the FSA became effective. In light of *Dorsey*, Courts have not granted relief under the FSA to a defendant who was sentenced before the FSA's effective date. *See United States v. Finley*, No. 10-3672, 2012 WL 2505630, at *4–5 (6th Cir. June 29, 2012); *United States v. Fenner*, Crim. No. 06-211(01)(MJD), 2012 WL 2884988, at *2 (D. Minn. July 13, 2012); *Ford v. United States*, Nos. 8:11-cv-2761-T-24 EAJ, 8:09-cr-88-T-24 EAJ, 2012 WL 2798532,

at *13 (M.D. Fla. July 9, 2012). Nothing in *Dorsey* supports Jeanpierre's argument that the FSA applies to those sentenced before the FSA's effective date.

In his reply, Jeanpierre raises a new argument that his counsel was ineffective by failing to move for a continuance of Jeanpierre's sentencing hearing until after the FSA became effective. (Dkt. 1083 at 14.)[1] Because Jeanpierre first raised this argument in his reply brief, the Court need not address it. *See Smith v. United States*, 256 Fed. App'x 850, 852 (8th Cir. 2007) ("[T]he district court did not err in dismissing claims raised for the first time in a § 2255 reply brief."). Nevertheless, the Court will address the argument. The Senate passed the FSA on March 17, 2010. 156 Cong. Rec. D263-02 (daily ed. Mar. 17, 2010). The Court sentenced Jeanpierre on April 9, 2010. (Dkt. 986.) The House of Representatives passed the FSA more than three months later, on July 28, 2010. 156 Cong. Rec. D864-01 (daily ed. July 28, 2010). The FSA became effective on August 3, 2010. *Dorsey*, 132 S. Ct. at 2326. "Counsel is not accountable for unknown future changes in the law." *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009); *Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999) (noting that failure to anticipate a change in the law "does not constitute ineffective assistance"); *Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995) (same); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Counsel's assistance is not ineffective simply because counsel fails to base its decisions on laws that might be passed in the future."), *overruled on other grounds by United States v. Flowers*, 464 F.3d 1127, 1130 n.1 (10th Cir. 2006); *Cooks v. United States*, 461 F.2d 530, 532

---

[1] Jeanpierre's reply was timely. Section 2255 requires motions to be filed within one year from "the date on which judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Jeanpierre directly appealed his conviction to the Eighth Circuit, the Eighth Circuit's judgment became final when the time for filing a certiorari petition—90 days—expires. *See Clay v. United States*, 537 U.S. 522, 527 (2003); Rules of the Supreme Court 13. The Eighth Circuit entered judgment on April 12, 2011; the judgment became final in July 2011; and Jeanpierre filed his reply on June 4, 2012, within the one-year window.

(5th Cir. 1972) ("Clairvoyance is not a required attribute of effective representation."); *United States v. Musallet*, Nos. 07-20099, 11-2008, 2011 WL 1303305, at *2–3 (D. Kan. Apr. 1, 2011) (rejecting defendant's argument that his counsel was ineffective because his counsel failed in January 2010 to seek a continuance of the sentencing hearing until the FSA was passed). Although the Senate had passed the FSA before Jeanpierre's sentencing hearing, the House did not act on the FSA until more than three months later. Jeanpierre's counsel could not have known when or even if the House would pass the FSA or when the FSA would have become effective. His counsel's failure to ask for an indefinite continuance until the potential passage of a law does not constituted ineffective assistance. For these reasons and those set forth in the Government's Response to Defendant's § 2255 motion, the Court denies Jeanpierre's motion.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). Here, Jeanpierre has not demonstrated that reasonable jurists would find the rejection of his claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Thus, the Court declines to grant him a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Jeanpierre's § 2255 motion [Docket No. 1057 in Crim. No. 07-439(6)] is DENIED.
2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 16, 2012                              s/Joan N. Ericksen
                                                     JOAN N. ERICKSEN
                                                     United States District Judge